# THE LAW OFFICES OF
# FAUSTO E. ZAPATA, JR., P.C.

Broadway Chambers Building
277 Broadway, Suite 206
New York, New York 10007

Tel: 212-766-9870 / Fax: 212-766-9869
Email: fz@fzapatalaw.com
Web: www.LaborEmploymentLawFirm.com

November 7, 2020

Brian M. Cogan
U.S. District Court Judge
U.S. District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   Omar Sanchez, et al. v. Karen Gardens Apartment
      Corp., et al., EDNY Case No. 20 Civ. 4694

Dear Judge Cogan,

Our office represents Plaintiffs Omar Sanchez and Alexandra Ramos in the above referenced matter. As per your mandatory requirements for initial status conference, e.g., ECF Document No. 10, we are submitting this joint letter on behalf of the parties providing the Court with a brief description of the legal basis for Plaintiffs' claims, related factual background, the jurisdictional basis for claims, and any contemplated motions.

### a. Legal basis of claims

Plaintiffs are bringing retaliation claims in the instant action pursuant to the FLSA, NYLL, and the New York City Human Rights Law, which makes it unlawful to retaliate against former employees in response to engagement in protected activities. 29 U.S.C. § 215(a)(3); N.Y. Labor Law § 215; N.Y. City Admin. Code § 8-107(7).

### b. Factual background

In or around late 2017 and early 2018, Plaintiffs Sanchez and Ramos initiated two separate actions against Defendants, *Sanchez v. Karen Gardens Apartment Corp., Surila Bajaj, individually and as Chief Executive Officer of Karen Gardens Apartment Corp., and New Bedford Management Corp.* Karen Gardens Apartment Corp, is a Cooperative Corporation. Plaintiff Sanchez alleged overtime and related New York Labor Law claims in his action, which was brought in Queens County Supreme Court. Plaintiff Ramos brought her action in the EDNY (Case No. 18 Civ. 775) and alleged minimum wage violations, under the FLSA and the NYLL, related wage claims under the NYLL, and gender discrimination claims under the New York City Human Rights Law. Plaintiffs settled their cases against these defendants or around September 2018.

Notably, Plaintiff Sanchez openly supported his wife's unpaid wage and discrimination claims and was identified in Plaintiff Ramos' discovery papers as a witness who could support of her allegations by testifying on her behalf concerning these claims; all of this was known to the Defendants in that case. Plaintiff Ramos settled her claims in or around September 2018.

As part of the resolution of his case, Plaintiff Sanchez agreed not to seek employment with Karen Gardens Apartment, Corp., Surila Baja, and New Bedford Management Corp. There were no other provisions barring Plaintiff Sanchez from being hired or seeking employment with any third parties, including the residents Karen Garden Apartment Corp. Moreover, the defendants agreed to provide Plaintiff Sanchez's prospective employers with neutral references concerning Plaintiff Sanchez's past employment, which was limited to the dates of employment and position held.

In or around February 2020, Plaintiff Sanchez had arranged, via text message, to remove and dispose of furniture, repair the apartment floor, and move other furniture into the apartment on behalf of a tenant, Sumeth Purayanath, who resided in apartment 5D at the residential building owned by Karen Gardens Apartment Corp. Plaintiff Sanchez completed one day of the assignment that they both expected would take several days to complete.

During their text communication, Purayanath asked Plaintiff Sanchez to bring Plaintiff Ramos to perform cleaning services. Within a few hours Plaintiff's second day of work, Sumeth Purayanath sent Plaintiff Sanchez a text message asking Plaintiff Sanchez not to come to his apartment because Defendant Balagot, as Karen Gardens Apartment Corp.'s President, and Karen Gardens Apartment Corp., banned Plaintiffs Sanchez and Ramos from performing any services for Karen Gardens Apartment Corp. residents because Plaintiffs sued Karen Gardens Apartment Corp. and Surilla Bajaj in the past.

### c. Jurisdictional Basis

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiffs' FLSA claims arise under the laws of the United States, i.e., 29 U.S.C. § 216(b), and 28 U.S.C. § 1337 because rights contained in the FLSA were created by congress using its power to regulate commerce.

This Court has supplemental jurisdiction over Plaintiffs' New York State claims pursuant to 28 U.S.C. § 1367 because they are related to Plaintiffs' FLSA claims that they form part of the same controversy.

### d. Contemplated motions

As the Court is aware, Defendants have requested a pre-motion conference, and leave to file a motion to dismiss, pursuant to FRCP 12(b), based upon the prior settlement agreement(s) of Plaintiffs and their lack of employee/employer relationship during the relevant periods. Plaintiff's Counsel has filed its responsive letter as directed by the Court and the conference on same will be held in tandem with the initial discovery conference on November 12, 2020.

Very truly yours,

Fausto E. Zapata, Jr.

C: A. Goldsmith
File