THE LAW OFFICES OF

# FAUSTO E. ZAPATA, JR., P.C.

Broadway Chambers Building
277 Broadway, Suite 206
New York, New York 10007

Tel: 212-766-9870 / Fax: 212-766-9869
Email: fz@fzapatalaw.com
Web: www.LaborEmploymentLawFirm.com

April 6, 2021

Brian M. Cogan
U.S. District Court Judge
U.S. District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: Omar Sanchez, et al. v. Karen Gardens Apartment Corp., et al., EDNY Case No. 20 Civ. 4694

Dear Judge Cogan,

This office represents the Plaintiff in the above referenced matter. This action involves claims by my clients, former janitors employed by Defendants, who were retaliated against as a result of engaging in activities protected under the Fair Labor Standards Act and New York Labor Law.

I submit this jointly composed letter on behalf of the parties to request a pre-motion conference, pursuant to Your Honor's Individual Practices, seeking sanctions pursuant to FRCP 37 and Local Civil Rule 37.3.

  A. *Plaintiffs' Comments*

Plaintiff served Notices of Deposition, on consent by the parties, on February 9, 2021, for Defendant Balagot and Defendant Karen Gardens Apartment Corp., via FRCP 30(b)(6). The parties rescheduled these depositions to accommodate the parties' schedules on two occasions.

On March 30, 2021, Defendants deposed Plaintiff Omar Sanchez and Plaintiff deposed Defendant Balagot. Notably, Mr. Balagot was supposed to also act as Defendant Karen Gardens Apartment Corp.'s FRCP 30(b)(6) witness with respect to the sum and substance of Plaintiffs' previous lawsuits, and resolution thereof, against Defendant Karen Gardens Apartment Corp. and what, if any, information Defendant Karen Gardens Apartment Corp.'s shareholders were provided concerning the resolution of Plaintiffs' prior litigation against Defendant Karen Gardens Apartment, Corp.; however, when questioned with respect to these topics, Mr. Balagot admitted not having read any of the relevant papers and did not have a grasp of the topics identified in Plaintiffs' FRCP 30(b)(6) notice.

In an effort to comply with Local Civil Rule 37.3, the parties agreed to jointly making an application seeking an expansion of the discovery schedule for Defendant to produce an individual knowledgeable on the subjects identified on Plaintiff's FRCP 30(b)(6) notice; the FRCP 30(b)(6) deposition took place on March 30, 2021, and the discovery schedule closed on April 1, 2021, to the extent that scheduling order provided that the parties could, on consent,

extend the February 10, 2021 deposition deadline so long as all discovery were completed by April 1, 2021. On April 2, 2021, Your Honor denied the parties' joint application and stated that the proper remedy was to seek sanction.

With respect to Plaintiffs' efforts to comply with Rule 37, I sent Defendant's counsel, Aaron Goldsmith, an email on March 31, 2021, 4:05 PM, informing him that we had an issue with the designated 30(b)(6) witness, Defendant Balagot, because Mr. Balagot was not familiar with the subjects identified in Plaintiffs' notice of deposition; I asked Mr. Goldsmith how he wanted to deal with the matter. At 4:57 PM, I sent another email to Mr. Goldsmith stating asking him to get back to me because discovery closed the following day, April 1, 2021, and I had to deal with this before the close of discovery and closed by stating that we were hoping to avoid moving for sanctions, pursuant to FRCP Rule 37. At 5:10 PM, Mr. Goldsmith responded and stated that he was unsure whether there were any other witnesses who were more knowledgeable than Mr. Balagot and that he was available to discuss the matter the following day, April 1, 2021. At 7:23 PM, I sent another email to Mr. Goldsmith stating that Mr. Balavot was the FRCP 30(b)(6) witness for Defendant Karen Gardens Apartment Corp. and that the corporation had an obligation to produce a witness who was knowledgeable on the subjects identified. The following day, April 1, 2021, 11:16 AM, I sent Mr. Goldsmith an email asking him to call me and stated that we planned to file a FRCP Rule 37 motion if were unable to resolve this matter. At 11:32 AM, Mr. Goldsmith called my office and we discussed the aforementioned and agreed that the parties would make a joint application seeking additional time for Defendant Karen Garden Apartments Corp. to produce another FRCP 30(b)(6) witness. This telephone call lasted approximately three minutes. At 3:25 PM, I sent Mr. Goldsmith a copy of my proposed joint letter for his review and asked him whether he approved. At 3:33 PM, Mr. Goldsmith responded and asked me to modify the language to indicate that Defense counsel was seeking a board member with sufficient knowledge who could act as a FRCP 30(b)(6) witness. At 4:30 PM, I filed the joint letter described above seeking an expansion of the discovery schedule.

"Rule 37(d)(1)(A)(i) authorizes sanctions where the Rule 30(b)(6) witness is so unprepared that it is "tantamount to a failure to appear." *See Crawford v. Franklin Credit Mgmt. Corp.*, 261 F.R.D. 34, 38-39 (S.D.N.Y. 2009)" *Fischer v. Verizon N.Y., Inc.*, 18-cv-11628 (RA) (OTW), at *10 (S.D.N.Y. Aug. 31, 2020).

> A party seeking sanctions for an unprepared Rule 30(b)(6) witness must show that the deponent's inability to testify was "egregious and not merely lacking in desired specificity in discrete areas." See Fashion Exch. LLC v. Hybrid Promotions, LLC, No. 14-cv-1254 (SHS) (OTW), 333 F.R.D. 302, 308 (S.D.N.Y. Sept. 26, 2019) (quoting Zappia Middle East Constr. Co. v. Emirate of Abu Dhabi, No. 94-cv-1942 (DC) (denying sanctions)); Crawford v. Franklin Credit Mgmt Corp., 261 F.R.D. 34, 39 (S.D.N.Y. 2009) (same).

Fischer v. Verizon N.Y., Inc., 18-cv-11628 (RA) (OTW), at *10 (S.D.N.Y. Aug. 31, 2020)

Here, Defendants' designated FRCP 30(b)(6) witness admitted that he did not review the relevant records and was unfamiliar with the topics identified in Plaintiff's notice of deposition. In fact, Mr. Balagot stated although he had received documents relating to the subjects Plaintiff identified he did not read them.

Accordingly, Plaintiffs respectfully requests permission to file a motion seeking sanctions pursuant to FRCP Rule 37, or in the alternative, that a pre-motion conference be scheduled at the Court's earliest convenience.

### B. Defendants' Comments

On April 1, 2021, Defense Counsel engaged in conversations with Mr. Balagot and sent emails to the remaining members of the Defendant Board of Directors, asking for the availability of the remaining two members of the Board whom were seated during the settlement process for the Plaintiffs' 2017 lawsuits. On April 2, 2021 at 1:30pm, albeit after the Court's denial of the joint application for an extension of time, Defense Counsel communicated the availability of another Board member for the week of April 5 – 9, 2021. Additional availability the week of April 12 – 16 can be provided as well.

While Mr. Balagot's admitted lack of knowledge during his testimony is problematic and frustrating for all involved, Defendants are able to produce a different and knowledgeable witness at the time that will not prejudice Plaintiffs from being able to make a full application for Summary Judgment, let alone properly prepare for trial in the event a resolution is not achieved beforehand.

Thank you for your consideration.

Very truly yours,

Fausto E. Zapata, Jr.

C:   File