Exhibit C

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
------------------------------------------------------------------------X
OMAR SANCHEZ,

                        Plaintiff,

              -against-

KAREN GARDENS APARTMENT CORP., SURILA BAJAJ, individually and as Chief Executive Officer of Karen Gardens Apartment Corp., and NEW BEDFORD MANAGEMENT CORP.,

                        Defendants.
------------------------------------------------------------------------X

Index No.: 717328/2017

**DEFENDANT KAREN GARDENS APARTMENT CORP.'S VERIFIED ANSWER**

Defendant KAREN GARDENS APARTMENT CORP. ("Karen Gardens") by its attorneys, Wilson, Elser, Moskowitz, Edelman & Dicker LLP, hereby answers the Amended Complaint filed by plaintiff Omar Sanchez ("Plaintiff") upon information and belief as follows:

### AS TO THE "PRELIMINARY STATEMENT"

1. With respect to the allegations contained in paragraph "1" of the Amended Complaint, which set forth conclusions of law or consist of Plaintiff's characterization of the Amended Complaint, no response is required. Otherwise, Karen Gardens denies each allegation contained therein, specifically denies that it violated any law or engaged in wrongful conduct, and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

### AS TO "JURISDICTION AND VENUE"

2. With respect to the allegations contained in paragraph "2" of the Amended Complaint, which set forth conclusions of law, no response is required. Otherwise, Karen Gardens confirms that Plaintiff purports to invoke the jurisdiction of this Court and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

8886636v.3

P. 00157

3. With respect to the allegations contained in paragraph "3" of the Amended Complaint, which set forth conclusions of law, no response is required. Otherwise, Karen Gardens confirms that Plaintiff has elected to venue this action as set forth therein and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

## AS TO "PARTIES"

4. Karen Gardens denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "4" of the Amended Complaint as pled.

5. Karen Gardens denies the allegations contained in paragraph "5" of the Amended Complaint as pled. Further answering, Karen Gardens avers that for the entirety of its existence, Karen Gardens is and has been a Domestic Business Corporation duly authorized and existing by virtue of the laws of the State of New York, and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

6. Karen Gardens denies the allegations contained in paragraph "6" of the Amended Complaint as pled.

7. Karen Gardens denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "7" of the Amended Complaint as pled, except admits that New Bedford Management Corp. ("New Bedford") has provided professional management services at the building located at 86-05 60th Road, Elmhurst, New York (the "Building").

8. Karen Gardens denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "8" of the Amended Complaint as pled, except admits that New Bedford has provided professional management services at the Building.

9. Karen Gardens denies the allegations contained in paragraph "9" of the Amended Complaint as pled, except admits that New Bedford has provided professional management services at the Building and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

10. With respect to the allegations contained in paragraph "10" of the Amended Complaint, which set forth a conclusion of law, no response is required. Otherwise, Karen Gardens denies the allegations contained in paragraph "10" of the Amended Complaint as pled and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

11. With respect to the allegations contained in paragraph "11" of the Amended Complaint, which set forth a conclusion of law, no response is required. Otherwise, Karen Gardens denies the allegations contained in paragraph "11" of the Amended Complaint as pled and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

12. With respect to the allegations contained in paragraph "12" of the Amended Complaint, which set forth a conclusion of law, no response is required. Otherwise, Karen Gardens denies the allegations contained in paragraph "12" of the Amended Complaint as pled and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

13. With respect to the allegations contained in paragraph "13" of the Amended Complaint, which set forth a conclusion of law, no response is required. Otherwise, Karen Gardens denies the allegations contained in paragraph "13" of the Amended Complaint as pled and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

14. With respect to the allegations contained in paragraph "14" of the Amended Complaint, which set forth a conclusion of law, no response is required. Otherwise, Karen Gardens

denies the allegations contained in paragraph "14" of the Amended Complaint as pled and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

15. With respect to the allegations contained in paragraph "15" of the Amended Complaint, which set forth a conclusion of law, no response is required. Otherwise, Karen Gardens denies the allegations contained in paragraph "15" of the Amended Complaint as pled and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

16. With respect to the allegations contained in paragraph "16" of the Amended Complaint, which set forth a conclusion of law, no response is required. Otherwise, Karen Gardens denies the allegations contained in paragraph "16" of the Amended Complaint as pled and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

17. With respect to the allegations contained in paragraph "17" of the Amended Complaint, which set forth a conclusion of law, no response is required. Otherwise, Karen Gardens denies the allegations contained in paragraph "17" of the Amended Complaint as pled and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

18. With respect to the allegations contained in paragraph "18" of the Amended Complaint, which set forth a conclusion of law, no response is required. Otherwise, Karen Gardens denies the allegations contained in paragraph "18" of the Amended Complaint as pled and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

19. Karen Gardens denies the allegations contained in paragraph "19" of the Amended Complaint as pled and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

20. Karen Gardens denies the allegations contained in paragraph "20" of the Amended Complaint as pled and respectfully refers all questions of law to the Court and all questions of fact

to the trier of fact.

## AS TO THE "FACTUAL ALLEGATIONS"

21. Karen Gardens denies the allegations contained in paragraph "21" of the Amended Complaint as pled except admits upon information and belief that the Building is comprised of 68 residential units, and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

22. Karen Gardens denies the allegations contained in paragraph "22" of the Amended Complaint as pled and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

23. Karen Gardens denies the allegations contained in paragraph "23" of the Amended Complaint as pled and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

24. Karen Gardens denies the allegations contained in paragraph "24" of the Amended Complaint as pled and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

25. Karen Gardens denies the allegations contained in paragraph "25" of the Amended Complaint as pled and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

26. Karen Gardens denies the allegations contained in paragraph "26" of the Amended Complaint as pled and respectfully refers the Court to the referenced "employment contract" for the complete terms and provisions set forth therein and refers all questions of law to the Court and all questions of fact to the trier of fact.

27. Karen Gardens denies the allegations contained in paragraph "27" of the Amended

Page **5** of **19**

Complaint as pled and respectfully refers the Court to the referenced "employment contract" for the complete terms and provisions set forth therein and refers all questions of law to the Court and all questions of fact to the trier of fact.

28. Karen Gardens denies the allegations contained in paragraph "28" of the Amended Complaint as pled and respectfully refers the Court to the referenced "employment agreement" for the complete terms and provisions set forth therein and refers all questions of law to the Court and all questions of fact to the trier of fact.

29. Karen Gardens denies the allegations contained in paragraph "29" of the Amended Complaint as pled and respectfully refers the Court to the referenced "employment contract" for the complete terms and provisions set forth therein and refers all questions of law to the Court and all questions of fact to the trier of fact.

30. Karen Gardens denies the allegations contained in paragraph "30" of the Amended Complaint as pled and respectfully refers the Court to the referenced "employment contract" for the complete terms and provisions set forth therein and refers all questions of law to the Court and all questions of fact to the trier of fact.

31. Karen Gardens denies the allegations contained in paragraph "31" of the Amended Complaint as pled and respectfully refers the Court to the referenced "employment contract" for the complete terms and provisions set forth therein and refers all questions of law to the Court and all questions of fact to the trier of fact.

32. Karen Gardens denies the allegations contained in paragraph "32" of the Amended Complaint as pled and respectfully refers the Court to the referenced "employment contract" for the complete terms and provisions set forth therein and refers all questions of law to the Court and all questions of fact to the trier of fact.

33. Karen Gardens denies the allegations contained in paragraph "33" of the Amended Complaint as pled. Further answering, Karen Gardens avers that New Bedford was hired to perform professional management services at the Building and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

34. Karen Gardens denies the allegations contained in paragraph "34" of the Amended Complaint as pled and respectfully refers the refers all questions of law to the Court and all questions of fact to the trier of fact.

35. Karen Gardens denies the allegations contained in paragraph "35" of the Amended Complaint as pled and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

36. Karen Gardens denies the allegations contained in paragraph "36" of the Amended Complaint as pled and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

37. Karen Gardens denies the allegations contained in paragraph "37" of the Amended Complaint as pled and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

38. Karen Gardens denies the allegations contained in paragraph "38" of the Amended Complaint as pled. Further answering, Karen Gardens avers that Plaintiff performed the typical services of a residential janitor, *i.e.*, residential building superintendent, at the Building and refers all questions of law to the Court and all questions of fact to the trier of fact.

39. Karen Gardens denies the allegations contained in paragraph "39" of the Amended Complaint as pled and respectfully refers the Court to the referenced employment contract for the complete terms and provisions therein.

40. Karen Gardens denies the allegations contained in paragraph "40" of the Amended Complaint as pled and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

41. Karen Gardens denies the allegations contained in paragraph "41" of the Amended Complaint as pled and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

42. Karen Gardens denies the allegations contained in paragraph "42" of the Amended Complaint as pled and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

43. Karen Gardens denies the allegations contained in paragraph "43" of the Amended Complaint as pled, and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

44. Karen Gardens denies the allegations contained in paragraph "44" of the Amended Complaint as pled and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

45. Karen Gardens denies the allegation contained in paragraph "45" of the Amended Complaint as pled and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

46. Karen Gardens denies knowledge or information sufficient to form a belief as o the truth of the allegations contained in paragraph "46" of the Amended Complaint as pled.

47. Karen Gardens denies the allegations contained in paragraph "47" of the Amended Complaint as pled and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

48. Karen Gardens denies the allegation contained in paragraph "48" of the Amended Complaint as pled and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

49. Karen Gardens denies the allegation contained in paragraph "49" of the Amended Complaint as pled and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

50. Karen Gardens denies the allegations contained in paragraph "50" of the Amended Complaint as pled and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

51. Karen Gardens denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "51" of the Amended Complaint as pled and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

52. Karen Gardens denies the allegations contained in paragraph "52" of the Amended Complaint as pled and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

53. Karen Gardens denies the allegations contained in paragraph "53" of the Amended Complaint as pled and respectfully refers the Court to the referenced "employment contract" for the complete terms and provisions set forth therein and refers all questions of law to the Court and all questions of fact to the trier of fact.

54. Karen Gardens denies the allegations contained in paragraph "54" of the Amended Complaint as pled and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

55. Karen Gardens denies knowledge or information sufficient to form a belief as to the

allegations contained in paragraph "55" of the Amended Complaint.

56. Karen Gardens denies the allegations contained in paragraph "56" of the Amended Complaint as pled and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

57. Karen Gardens denies the allegations contained in paragraph "57" of the Amended Complaint as pled and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

58. Karen Gardens denies the allegations contained in paragraph "58" of the Amended Complaint as pled and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

59. Karen Gardens denies the allegations contained in paragraph "59" of the Amended Complaint as pled and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

60. Karen Gardens denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "60" of the Amended Complaint.

61. Karen Gardens denies the allegations contained in paragraph "61" of the Amended Complaint as pled and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

62. Karen Gardens denies the allegations contained in paragraph "62" of the Amended Complaint as pled and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

63. Karen Gardens admits the allegations contained in paragraph "63" of the Amended Complaint as pled.

64. Karen Gardens denies the allegations contained in paragraph "64" of the Amended Complaint as pled and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

65. Karen Gardens denies the allegations contained in paragraph "65" of the Amended Complaint as pled and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

66. Karen Gardens denies the allegations contained in paragraph "66" of the Amended Complaint as pled and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

67. Karen Gardens denies the allegations contained in paragraph "67" of the Amended Complaint as pled and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

68. Karen Gardens denies the allegations contained in paragraph "68" of the Amended Complaint as pled and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

69. Karen Gardens denies the allegations contained in paragraph "69" of the Amended Complaint as pled and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

70. Karen Gardens denies the allegations contained in paragraph "70" of the Amended Complaint as pled and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

71. With respect to the allegations contained in paragraph "71" of the Amended Complaint, which set forth a conclusion of law, no response is required. Otherwise, Karen Gardens

denies the allegations contained in paragraph "71" of the Amended Complaint as pled and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

72. With respect to the allegations contained in paragraph "72" of the Amended Complaint, which set forth a conclusion of law, no response is required. Otherwise, Karen Gardens denies the allegations contained in paragraph "72" of the Amended Complaint as pled and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

73. With respect to the allegations contained in paragraph "73" of the Amended Complaint, which set forth a conclusion of law, no response is required. Otherwise, Karen Gardens denies the allegations contained in paragraph "73" of the Amended Complaint as pled and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

### RESPONSE TO THE FIRST CLAIM FOR RELIEF
### NEW YORK STATE LABOR LAW

74. Karen Gardens repeats and reiterates each and every response to paragraphs "1" through "73" as if fully set forth at length herein as Karen Gardens' response to paragraph "74" of the Amended Complaint.

75. Karen Gardens denies the allegations contained in paragraph "75" of the Amended Complaint as pled and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

76. Karen Gardens denies the allegations contained in paragraph "76" of the Amended Complaint as pled and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

77. Karen Gardens denies the allegations contained in paragraph "77" of the Amended Complaint as pled and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

Page **12** of **19**

### RESPONSE TO THE SECOND CLAIM FOR RELIEF
### NEW YORK STATE LABOR LAW

78. Karen Gardens repeats and reiterates each and every response to paragraphs "1" through "77" as if fully set forth at length herein as Karen Gardens' response to paragraph "78" of the Amended Complaint.

79. Karen Gardens denies the allegations contained in paragraph "79" of the Amended Complaint as pled and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

80. Karen Gardens denies the allegations contained in paragraph "80" of the Amended Complaint as pled and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

81. Karen Gardens denies the allegations contained in paragraph "81" of the Amended Complaint as pled and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

### RESPONSE TO THE THIRD CLAIM FOR RELIEF
### NEW YORK STATE LABOR LAW

82. Karen Gardens repeats and reiterates each and every response to paragraphs "1" through "81" as if fully set forth at length herein as Karen Gardens' response to paragraph "82" of the Amended Complaint.

83. Karen Gardens denies the allegations contained in paragraph "83" of the Amended Complaint as pled and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

84. Karen Gardens denies the allegations contained in paragraph "84" of the Amended Complaint as pled and respectfully refers all questions of law to the Court and all questions of fact

to the trier of fact.

85. Karen Gardens denies the allegations contained in paragraph "85" of the Amended Complaint as pled and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

### RESPONSE TO THE FOURTH CLAIM FOR RELIEF
### BREACH OF EMPLOYMENT CONTRACT

86. Karen Gardens repeats and reiterates each and every response to paragraphs "1" through "85" as if fully set forth at length herein as Karen Gardens' response to paragraph "86" of the Amended Complaint.

87. Karen Gardens denies the allegations contained in paragraph "87" of the Amended Complaint as pled and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

88. Karen Gardens denies the allegations contained in paragraph "88" of the Amended Complaint as pled and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

89. Karen Gardens denies the allegations contained in paragraph "89" of the Amended Complaint as pled and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

90. Karen Gardens denies the allegations contained in paragraph "90" of the Amended Complaint as pled and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

91. With respect to the allegations contained in paragraph "91" of the Amended Complaint, which set forth Plaintiff's claim for relief, no response is required. Otherwise, Karen Gardens denies the allegations contained in paragraph "91" of the Amended Complaint as pled and

Page **14** of **19**

respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

### AS TO PLAINTIFF'S "PRAYER FOR RELIEF"

92. Karen Gardens repeats and reiterates each and every response as previously set forth herein in response to the allegations incorporated in the preceding paragraphs. Karen Gardens further denies that any relief is warranted in response to Plaintiff's request for assorted damages, costs, fees and other relief, specifically denies that any legally cognizable causes of action exists pursuant to any federal or state statutes or laws, and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

### AFFIRMATIVE DEFENSES

93. Karen Gardens sets forth the following affirmative defenses to the claims made in the Amended Complaint. In doing so, Karen Gardens does not assume the burden of proof with respect to any of the affirmative defenses where the substantive law provides otherwise.

### FIRST AFFIRMATIVE DEFENSE

94. The Amended Complaint fails to state a cause of action upon which relief may be granted and specifically fails to state any legally cognizable wage and hour or breach of contract claims against Karen Gardens.

### SECOND AFFIRMATIVE DEFENSE

95. To the extent that any adverse actions were taken by Karen Gardens, they were taken for legitimate, non-discriminatory business reasons.

### THIRD AFFIRMATIVE DEFENSE

96. Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands.

### FOURTH AFFIRMATIVE DEFENSE

97. Plaintiff's claims are barred in whole or in part by the doctrines of laches, waiver,

Page **15** of **19**

and estoppel.

## FIFTH AFFIRMATIVE DEFENSE

98. Subject to proof through discovery, Plaintiff has failed in whole or in part, to mitigate his purported damages.

## SIXTH AFFIRMATIVE DEFENSE

99. Karen Gardens exercised reasonable care to prevent and/or correct any alleged retaliatory behavior in the workplace and, although Karen Gardens denies that any such acts occurred with respect to Plaintiff, Plaintiff unreasonably failed to take advantage of Karen Gardens' preventive or corrective opportunities or to avoid harm.

## SEVENTH AFFIRMATIVE DEFENSE

100. Any damages awarded to Plaintiff would result in unjust enrichment.

## EIGHTH AFFIRMATIVE DEFENSE

101. Plaintiff's conduct was the sole cause of damages alleged in the Amended Complaint, and as such, is a bar to this action.

## NINTH AFFIRMATIVE DEFENSE

102. At all relevant times, Karen Gardens acted in good faith and has not violated any rights that may be secured to Plaintiff under any state statute or law.

## TENTH AFFIRMATIVE DEFENSE

103. The Amended Complaint fails to state a claim against Karen Gardens upon which liquidated damages can be awarded.

## ELEVENTH AFFIRMATIVE DEFENSE

104. The Amended Complaint fails to state a claim against Karen Gardens upon which punitive damages can be awarded.

## TWELFTH AFFIRMATIVE DEFENSE

105. The Amended Complaint fails to state a claim against Karen Gardens upon which attorneys' fees or costs can be awarded.

## THIRTEENTH AFFIRMATIVE DEFENSE

106. There is no causal connection between Plaintiff's alleged complaints and any alleged adverse employment action.

## FOURTEENTH AFFIRMATIVE DEFENSE

107. Plaintiff never suffered nor was permitted to work on behalf of Karen Gardens nor did he perform any work or services on behalf of Karen Gardens.

## FIFTEENTH AFFIRMATIVE DEFENSE

108. The Amended Complaint or some parts thereof may be barred by the applicable statute of limitations.

## SIXTEENTH AFFIRMATION DEFENSE

109. Karen Gardens provided utilities to Plaintiff in the Building for his primary benefit and at no cost to him, which costs constitute a permissible credit pursuant to 12 NYCRR § 141, *et seq*.

## SEVENTEENTH AFFIRMATIVE DEFENSE

110. Any potential award that Plaintiff may be entitled to, which Karen Gardens expressly maintains Plaintiff is not entitled, must be reduced by the amount of monies owed to Karen Gardens for Plaintiff's failure to pay rent and utilities for the apartment in the Building.

## RESERVATION TO AMEND

111. Karen Gardens specifically reserves its right to amend and plead any and all Affirmative Defenses that may become known to it during the course of discovery.

## KAREN GARDENS' PRAYER FOR RELIEF

**WHEREFORE**, Karen Gardens respectfully prays that the Court enter judgment as follows:

1. Dismissing the Amended Complaint in its entirety;

2. Granting Karen Gardens' costs and disbursements of defending this action; and

3. Granting any further or different relief that this Court deems just and equitable.

Dated:   New York, New York
         April 6, 2018

                                    **WILSON, ELSER, MOSKOWITZ,
                                    EDELMAN & DICKER LLP**


                              By:        */s/ Celena R. Mayo*
                                    Celena R. Mayo
                                    Justin A. Guilfoyle
                                    *Attorneys for Defendant*
                                    *Karen Gardens Apartment Corp.*
                                    150 East 42nd Street
                                    New York, New York 10017-5639
                                    Tel: (212) 490-3000
                                    Fax: (212) 490-3038
                                    File No.  12035.00699
                                    *Celena.Mayo@wilsonelser.com*
                                    *Justin.Guilfoyle@wilsonelser.com*

To:   *via ECF*

      Fausto E. Zapata, Jr.
      THE LAW OFFICES OF
      FAUSTO E. ZAPATA, JR., P.C.
      *Attorney for Plaintiff*
      *Omar Sanchez*
      277 Broadway, Suite 206
      New York, New York 10007
      Tel: (212) 766-9870
      *fz@fzapatalaw.com*

Page **18** of **19**

8886636v.3

P. 00174

## ATTORNEY VERIFICATION

STATE OF NEW YORK    }
                     } ss.:
COUNTY OF NEW YORK }

CELENA R. MAYO, an attorney duly admitted to practice before the Courts of the State of New York and fully aware of the penalties of perjury, hereby affirms as follows:

I am a partner at the law firm of Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, the attorneys of record for defendant KAREN GARDENS APARTMENT CORP., herein and am fully familiar with the facts and circumstances involved in this matter. I have read the foregoing VERIFIED ANSWER, know the contents thereof and the same is true to the best of my knowledge, except as to those matters therein stated to be alleged upon information and belief, and as to those matters, I believe them to be true.

The source of my information and belief is from conversation had with the defendant herein and/or from other information contained in the file of said law firm. This Verification is made by me and not by the answering defendant since the answering defendant is not located in the same county within which my firm maintains an office.

Dated: New York, New York
       April 6, 2018

                                        ___/ s /_____*Celena R. Mayo*_____

                                                Celena R. Mayo, Esq.