UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
OMAR SANCHEZ and ALEXANDRA RAMOS,

                    Plaintiffs,

              - against -

KAREN GARDENS APARTMENT CORP.
and JOSE BALAGOT,[1]

                    Defendants.
----------------------------------------------------------- X

**MEMORANDUM DECISION AND ORDER**

20-cv-4694 (BMC)

**COGAN**, District Judge.

Plaintiffs Omar Sanchez and Alexandra Ramos once worked as janitors for Karen Gardens Apartment Corp. Sanchez sued Karen Gardens in state court, claiming that it failed to pay the minimum wage under the New York Labor Law ("NYLL"). Ramos followed up with her own suit in federal court, alleging that Karen Gardens violated not only the minimum-wage provisions of the NYLL and the Fair Labor Standards Act ("FLSA") but also the ban on sex discrimination in the New York City Human Rights Law ("NYCHRL"). Both cases settled.

Later, a tenant at Karen Gardens reached out to plaintiffs. He sought to hire plaintiffs to move furniture and remove garbage at his apartment. But a Karen Gardens board member learned that plaintiffs were planning to work for the tenant, and the board member reported it Jojo Balagot, the Karen Gardens President. Balagot told the tenant not to hire plaintiffs. The tenant called off the deal.

---

[1] Although plaintiffs named "Jojo Balagot" as a defendant, they have since clarified that his actual name is Jose Balagot. The Clerk is directed to amend the docket sheet accordingly.

That sparked this second case, in which plaintiffs bring retaliation claims under the FLSA, NYLL, and NYCHRL. Defendants initially said the settlement agreements barred plaintiffs from working for individual tenants at Karen Gardens. Yet defendants have since conceded that they were mistaken: the agreements barred plaintiffs from working *for* Karen Gardens Apartment Corp. but not *at* Karen Gardens for individual tenants. Armed with this concession, plaintiffs seek summary judgment as to liability.

Plaintiffs have established their *prima facie* case under the FLSA and NYLL's "nearly identical" retaliation provisions. See Jones v. Pawar Bros. Corp., 434 F. Supp. 3d 14, 27 (E.D.N.Y. 2020) (citing 29 U.S.C. § 215(a)(3) and N.Y. Labor Law § 215). First, plaintiffs "engaged in protected activity" by filing a complaint in the first action. See, e.g., Santi v. Hot in Here, Inc., No. 18-cv-03028, 2019 WL 290145, at *4 (S.D.N.Y. Jan. 22, 2019). Second, there was "an employment action disadvantaging the plaintiff[s]." Mullins v. City of New York, 626 F.3d 47, 53 (2d Cir. 2010). Preventing a potential employer from hiring plaintiffs "well might have dissuaded a reasonable worker from making or supporting similar charges," id. (cleaned up), and it does not matter that plaintiffs were former employees, see Rodriguez v. Nat'l Golf Links of Am., No. 19-cv-7052, 2020 WL 3051559, at *3 & n.3 (E.D.N.Y. June 8, 2020). Third, a reasonable jury could find "a causal connection between the protected activity and the adverse employment action." Id. As defendants acknowledged, Balagot told the tenant that plaintiffs "were not wanted on Karen Gardens Apartment Corp.'s premises because they sued Karen Gardens Apartment Corp."[2]

---

[2] This statement comes from the parties' Local Rule 56.1 statement, where defendants "[d]enie[d] knowledge or information sufficient to form a belief as to the truth" of this statement of fact. Because "[a] party's statement that it can neither admit nor deny an adversary's statement based upon the factual record is not a sufficient response to establish a disputed fact," this statement is deemed admitted. See Ezagui v. City of New York, 726 F. Supp. 2d 275, 285 n.8 (S.D.N.Y. 2010) (alteration adopted and quotation omitted).

The burden of production thus shifts to defendants to provide a "legitimate, non-discriminatory reason for the employment action." Mullins, 626 F.3d at 53 (quotation omitted). In some circumstances, the interpretation of and reliance on a settlement agreement – even if mistaken – provides a legitimate, non-discriminatory reason for an employment action. See Jencks v. Mod. Woodmen of Am., 479 F.3d 1261, 1266–67 (10th Cir. 2007); Kendall v. Watkins, 998 F.2d 848, 850–51 (10th Cir. 1993); Quarrie v. Wells, No. 17-cv-350, 2021 WL 1109227, at *8 (D.N.M. March 23, 2021).[3] If the employer "relied not on the fact that it settled [the plaintiff's claim], but on the terms pursuant to which the claim was settled," the employment action "d[oes] not *necessarily*" amount to unlawful retaliation. Jencks, 479 F.3d at 1266 (quoting Kendall, 998 F.2d at 851). But if the employer acted *because* the plaintiff brought a claim that the employer had to settle, the action is unlawful retaliation. Id. Here, Balagot's deposition testimony makes clear that a reasonable jury could find that defendants relied on their mistaken interpretation of the settlement agreement, as opposed to using that interpretation to cloak their retaliatory motive. See Dodd v. City Univ. of N.Y., 489 F. Supp. 3d 219, 252 (S.D.N.Y. 2020).[4]

Because defendants have met their burden, plaintiffs "must produce sufficient evidence to support a rational finding that the legitimate, non-discriminatory reasons . . . were false, and that more likely than not discrimination was the real reason for the employment action." Mullins, 626 F.3d at 53–54 (quotation omitted). "[M]istakes or disagreements as to the correct

---

[3] Although these cases concerned retaliation claims under Title VII of the Civil Rights Act of 1964, other courts in this Circuit have looked to interpretations of Title VII when applying the FLSA's retaliation provision. See, e.g., Rodriguez, 2020 WL 3051559, at *3 n.3.

[4] Plaintiffs make much of the fact that the settlement agreement required defendants to provide neutral references to plaintiffs' prospective employers. But "[t]his is not an action for breach of the settlement agreement or to enforce the agreement," and this issue does not resolve whether defendants' reliance on and interpretation of the agreement was pretext for retaliation. Kendall, 998 F.2d at 851.

interpretation or the enforceability of a contractual provision do not suffice to establish pretext, even if the defendant is wrong." Quarrie, 2021 WL 1109227, at *8. Rather, "the critical question is whether the defendant honestly believed its interpretation was correct," id. and whether the employer acted "*because* [the plaintiff] brought a . . . claim that the [employer] had to settle," Jencks, 479 F.3d at 1266 (emphasis added) (quoting Kendall, 998 F.2d at 851). Here, a reasonable jury could find that the legitimate, non-discriminatory reason was pretextual, for Balagot said that plaintiffs "were not wanted . . . because they sued Karen Gardens."

Thus, ambiguities and factual disputes preclude summary judgment on plaintiffs' FLSA and NYLL claims. Although the NYCHRL employs a somewhat more liberal standard, see Benzinger v. Lukoil Pan Ams., LLC, 447 F. Supp. 3d 99, 129–30 (S.D.N.Y. 2020), the same factual issues preclude summary judgment on the NYCHRL claim. Plaintiffs' motion for summary judgment [32] is denied.

**SO ORDERED.**

Digitally signed by Brian M. Cogan
_____
U.S.D.J.

Dated: Brooklyn, New York
       June 14, 2021